FILED
JOHN P. HEHMAN
CLERK

2013 JUL 12 AM 9:19

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

TCYK, LLC

    Plaintiff,

vs.

DOES 1-9,

    Defendants.

_____/

CASE No. 2:13-cv-00536

MOTION TO QUASH OR MODIFY SUBPOENA

## MOTION TO QUASH OR MODIFY SUBPOENA

I received a letter from my ISP regarding a subpoena, which included a copy of the Order Granting Plaintiff's Application for Leave to Take Discovery.

From accounts of previous defendants of other copyright infringement lawyers, these subpoena notifications are followed by demand letters. These letters -- which usually demand amounts in the area around $2500 - $4000, to avoid dealing with their lawsuit[1] -- and their phone calls, which are persistent[2], are the reason I am filing this motion, and for this reason, I respectfully request that I be allowed to do so without revealing my personally identifying information.

## INTRODUCTION

1. To cut court costs while suing as many individuals as possible, Plaintiff's counsel is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent. Similar cases have also been dismissed, such as *CP Productions, Inc. v. Does 1-300* case

---

[1] Google search: "steele hansmeier letter"
[2] Google search: "steele hansmeier phone calls"

*1:2010cv06255,* and in this case the court notes before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap — if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

2. Later, Judge Milton Shadur writes about Counsel's abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.

*CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants)*

3. In another BitTorrent case in Illinois, Judge Harold A. Baker writes in denying the motion for expedited discovery:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.

*VPR Internationale vs. Does 1-1017 case 2:2011cv02068*

4. In the Northern District of California, these nearly identical BitTorrent cases have been severed for improper joinder:

> *Pacific Century International LTD v. Does 1-101* case 4:2011cv02533 (severed does 2-101)
> *IO Group, Inc. v. Does 1-435* case 3:2010cv04382 (severed does 2-435)
> *Diabolic Video Productions, Inc v. Does 1-2099* case 5:2010cv05865 (severed Does 2-2099)
> *New Sensations, Inc v. Does 1-1768* case 5:2010cv05864 (severed Does 2-1768)

5. In yet another nearly identical BitTorrent case, filed in the Northern District of California, *Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258*, Judge Samuel Conti found the same joinder problems, and wrote in his order denying request for leave to take early discovery, "This Court does not issue fishing licenses;" And these nearly identical BitTorrent cases in the Northern District of California by the same plaintiff Boy Racer, again represented by Steele Hansmeier, have been severed for improper joinder:

> *Boy Racer, Inc v. Does 1-52* case 5:2011cv02329 (severed Does 2-52)
> *Boy Racer, Inc v. Does 1-71* case 5:2011cv01958 (severed Does 2-72)

In a recent order (6 Sep 2011) by Judge Bernard Zimmerman, Northern District of California, 5010 John Does were dismissed from *On The Cheap, LLC, v. Does 1-5011*, case C10-4472 BZ, due to improper joinder. Judge Zimmerman stated the following in his order:

> "This Court does not condone copyright infringement and encourages settlement of genuine disputes. However, Plaintiff's desire to enforce its copyright in what it asserts is a cost-effective manner does not justify perverting the joinder rules to first create the management and logistical problems discussed above and then to offer to settle with Doe defendants so they can avoid digging themselves out of the morass plaintiff is creating."

## ARGUMENT

**A) Plaintiff Has Improperly Joined 78 Individual Defendants Based on Entirely**

**Disparate Alleged Acts**

6. The Plaintiff's joinder of 9 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

7. Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

8. Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008),

the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying

case as to remaining Does until plaintiff could demonstrate proper joinder).

9. Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

10. Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[3]

11. Plaintiff claims all of the Ohio defendants are properly joined because they illegally downloaded/shared the film via BitTorrent. Plaintiff incorrectly states the infringement was accomplished by the Defendants "acting in concert with each other." Exhibit B to Complaint shows the entire timeframe of the activity, but not which IP addresses acted in concert. The nature of BitTorrent does not support Plaintiff's claim that All John Doe IP addresses acted together for the entire period.

12. The nature of BitTorrent is that the work in question is first made available to others BitTorrent users by a small number, usually one IP address. As other BitTorrent users join and start to download/share the work, the swarm grows. Depending on how popular the work is,

---

[3] http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

the swarm can grow fast, or not at all. Eventually as the popularity of the shared work drops, the swarm shrinks, and eventually disappears. IP addresses commonly join and leave various BitTorrent swarms at all times during the life of the torrent. Plaintiff's agent collected the data on John Doe IP addresses (Exhibit A of *Ex Parte Motion*) and can verify the nature of BitTorrent, as well as provide details on who (if any) of the John Does IP addresses in this case truly shared the work between the other John Does IP addresses in this case.

13. In the January 2011 Technical Report: *An Estimate of Infringing Use of the Internet*, by *Envisional*[4] (a major company specializing in detecting and guarding against the threats of counterfeiting, piracy, fraud and online brand abuse), the following was noted for the single day analysis of BitTorrent use:

> For the 2.72 Million torrents identified, only .2% had 100 or more downloaders. 2.6% of the torrents had 10-99 downloaders. 51.9% of the torrents had from one to nine downloaders. 45.2% had no active downloads. Envisional also noted that a similar spread of "seeders" (users with a complete copy of the work) were associated with the torrents. For 48.5% of the torrents, there were no seeders connected. (Page 9)

14. This report clearly shows the vast majority of torrents only had zero to nine downloaders associated with them and a very limited number of file seeder at any one instance.

15. The similar but separate nature of the BitTorent connections is highlighted in three cases in Colorado (K-Beech Inc., v. John Doe, 1-11-cv-02370-PAB, K-Beech Inc., v. John Doe, 1-11-cv-02371-CMA, and K-Beech Inc., v. John Doe, 1-11-cv-02372-MSK) filed on 8 Sep 2011. Plaintiff's attorney in Colorado decided to file separate cases for each John Doe, as joinder of the three could not justified by location only.

---

[4] http://documents.envisional.com/docs/Envisional-Internet_Usage-Jan2011.pdf

16. Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

### B) Subpoena is Not Relevant to Allegations of Complaint

17. Plaintiff does not allege in their Complaint nor does Plaintiff have any information or facts that substantiate that any of the unnamed Defendant "John Does" owned the computers in question or utilized said computers but rather simply allege in their Complaint that computers with said IP addresses were subscribers to Wide Open West, or other Internet providers.

18. Although Plaintiff alleges throughout their Complaint that those unnamed Defendants were involved in "Copyright infringement" and/or "contributory copyright infringement" by uploading, downloading, or sharing, Plaintiff does not allege any facts, nor have they demonstrated that they have any facts that such acts were actually performed by the unnamed Internet subscriber "John Does."

19. In their Complaint and in other documents already filed with this Court (Affidavit of Darren M. Griffin), Plaintiff admits that their only knowledge of any actual prospective individual Defendant is an IP address, obtained by their so-called "P2P downloading monitoring software," that Plaintiff alleges is related to a particular computer which is registered with an Internet Service Provider in the name of the person who applied for and pays

for said Internet access.

20. This is clearly a fishing expedition type of Subpoena for the name of any individual that they desire to include as a Defendant since there is no intrinsic relationship between the person who pays for the Internet Service and any persons who might have utilized a particular computer in an improper fashion. In fact, there remains the possibility that a person other than the subscriber improperly "hijacked" into a person's computer and/or Internet access account and performed these alleged illegal acts.

21. This position is clearly enunciated in a similar action entitled *VPR Internationale v. Does 1-1017* (United States District Court for the Central District of Illinois, Case No. 11-2068), where the Court was considering a Motion to Certify for Interlocutory Review the Court's denial of two prior Motions for expedited discovery in a case that also involved allegations of illegal downloading of adult films by "John Does" with certain IP addresses. The Hon. Harold Baker, in an Order dated April 29, 2011, states that "IP Subscribers are not necessarily copyright infringers...(t)he **infringer might be a subscriber, someone in the subscriber's household, a visitor with a laptop, a neighbor, or someone parked on the street at any given moment**" (emphasis added). The Order then cites a MSNBC investigation of a case in which federal agents raided a house, seized all computers and other electronic equipment based upon allegations of downloading child pornography only to later learn that a neighbor had used multiple IP subscriber Wi-Fi connections and all downloading was done solely by the neighbor without any knowledge by the subscriber. The Order, first noting that the Court had no jurisdiction over even a single "John Doe." Totally discredited Plaintiff's argument that the subscribers could always file Motions to Quash if expedited discovery were to be allowed, and instead the Court concluded that the "imprimatur of this Court will not be used to advance a

fishing expedition by means of a perversion of the purpose and intent of class action."

22. The astute observations enunciated by the Court in the *VPR Internationale*, supra, highlights not only the highly invasive aspect of the Subpoena as it relates to the privacy rights of a Subscriber but also highlights the complete lack of any relevancy between the information being requested in the subpoena and the allegations of the Complaint.

23. Simply stated, the identity of the Subscriber through an IP address does not provide the identity of the alleged infringer. As pointed out by the Court in *VPR Internationale*, supra, the infringer could be any person and the Subscriber may not even know the identity of the alleged infringer or even know that such alleged infringements occurred though utilizations of his IP address.

24. The Subscribers, including the moving party, have both a contractual right of privacy as it relates to their relationship with their Internet Provider and a federally protected general right to privacy of their identity. This right to privacy far outweighs any desire by the Plaintiff to seek the name of the subscriber when they are totally unable to provide even a scintilla of evidence that any particular subscriber actually performed an illegal act.

**WHEREFORE,** the following relief is requested:

    a. Quash the Subpoena issued to Wide Open West to the extent that it seeks the disclosure of the name and address of said "John Doe #4" with IP address 75.118.94.87;

    b. Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Does 2-9, from the case. *See* Fed. R. Civ. P. 21.

Dated: 7/12/2013                                    Respectfully submitted,

                                                    *s/John Doe*
                                                    John Doe
                                                    *Pro se*

                                                    Beatrice T. Martinez
                                                    3247 Cairngorm Drive
                                                    Columbus, OH 43221

## CERTIFICATE OF SERVICE

I hereby certify that on 7/12/2013, I served a copy of the foregoing document to necessary parties though Pacer.gov.