**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| **TYCK, LLC** : | | |
| : | | |
| Plaintiff, : | | |
| : | **Case No. 2:13-cv-536** | |
| vs. : | | |
| : | **Judge Marbley** | |
| **DOES 1-9 et al.** : | | |
| : | | |
| Defendants. : | | |
| : | | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Now comes Defendant, Beatrice Martinez (hereinafter "Defendant") by and through undersigned counsel and for her Answer to the Complaint of Plaintiff states the following:

1. Defendant admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant denies for lack of knowledge the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 contains no allegations.

8. Defendant denies for lack of knowledge the allegations in Paragraph 8 of the Complaint.

9. Defendant denies for lack of knowledge the allegations in Paragraph 9 of the Complaint.

10. Defendant denies for lack of knowledge the allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains no allegations.

12. Defendant denies for lack of knowledge the allegations in Paragraph 12 of the Complaint.

13. Defendant denies for lack of knowledge the allegations in Paragraph 13 of the Complaint.

14. Defendant denies for lack of knowledge the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies for lack of knowledge the allegations in Paragraph 16 of the Complaint.

17. Defendant denies for lack of knowledge the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

**FIRST DEFENSE**
1. Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**
2. Plaintiff's claims are barred, either in whole or in part, by the statute of limitations.

**THIRD DEFENSE**
3. Plaintiff's claims are barred, either in whole or in part, by the doctrines of waiver, release, laches, mistake, negligence, statute of frauds, and lack of consideration, breach of contract and ambiguity, or any other matter constituting avoidance or an affirmative defense which Defendant may show at trial.

**FOURTH DEFENSE**
4. Plaintiff's claims are barred, either in whole or in part, as Plaintiff's Complaint failed to attach copies of written documents supporting the existence of the allegations concerning the causes of action, in direct contravention to the Federal Rules of Civil Procedure.

**FIFTH DEFENSE**
5. Plaintiff, its authorized representatives, and/or other persons or parties not controlled by Defendant were at fault, negligent, or liable, and such fault, negligence, or liability caused or contributed to cause the claimed damages, thereby barring recovery in whole or in part against Defendant.

**SIXTH DEFENSE**
6. Plaintiff failed to join a necessary and proper party as required by the Federal Rules of Civil Procedure.

**SEVENTH DEFENSE**
7. Plaintiff's Complaint is barred by certain Federal and State laws, including but not limited to the Federal Truth in Lending Statute, RESPA, and FDCPA.

**EIGHTH DEFENSE**
8. Plaintiff's Complaint must be dismissed as this court lacks jurisdiction over Defendant.

**NINTH DEFENSE**
9. Plaintiff's Complaint must be dismissed because the venue is improperly placed with this Court.

**TENTH DEFENSE**
10. Plaintiff's claims are subject to recoupment or set-off against amounts owed by the Plaintiff to the Defendant.

**ELEVENTH DEFENSE**
11. Plaintiff's remedies are limited in whole or in part by applicable law, and/or Plaintiff's claim for damages is barred in whole or in part by the limitations imposed by law as to the recovery of such damages.

**TWELTH DEFENSE**
12. The damages allegedly suffered by Plaintiff were caused solely by Plaintiff, or the superseding, intervening acts and conduct of Plaintiff and/or other persons or parties which intervened between Defendant's alleged acts and conduct and Plaintiff's claimed damages, thereby barring recovery in whole or in part.

**THIRTEENTH DEFENSE**
13. Plaintiff's claim is barred because of the failure to mitigate any damages to which the company might otherwise be entitled.

**FOURTEENTH DEFENSE**
14. Plaintiff has failed to attach any evidence that Defendant is obligated or legally responsible to pay said debt as alleged in Plaintiff's Complaint. Plaintiff's Complaint has failed to provide documentation of the charges, debits, or credits, and has failed to calculate the balance allegedly owed by the Defendant and/or allocation of payment. Plaintiff has further failed to provide sufficient evidence of the balance due and owing the Plaintiff. Plaintiff has further failed to prove that the appraised value is representative of the fair market value.

**FIFTEENTH DEFENSE**
15. Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver, mistake, negligence, estoppel, release, unclean hands, laches, fraud, res judicata, claim preclusion, statute of frauds, accord and satisfaction, payment, set-off, recoupment and fraud, estoppel, release, assumption of risk, negligence, misrepresentation, unconscionable contract, and over-billing.

**SIXTEENTH DEFENSE**
16. Plaintiff assumed or incurred the risk of injury, thereby barring Plaintiff from recovery in whole or in part from Defendant.

**SEVENTEENTH DEFENSE**

17. Defendant is entitled to a set-off or credit in the amount of any settlement or compromise reached by Plaintiff with any other person for any of Plaintiff's alleged damages.

**EIGHTEENTH DEFENSE**
18. Plaintiff has failed to attach sufficient evidence that is a Real Party in Interest or that it had standing to bring the underlying matter.

**NINETEENTH DEFENSE**
19. Plaintiff has failed to attach any evidence that it is a Holder in Due Course.

**TWENTIETH DEFENSE**
20. Plaintiff failed to properly exercise any right to accelerate any debt due and owing as well as any right to foreclosure.

**TWENTY-FIRST DEFENSE**
21. Subject to the completion of discovery, Defendant reserve the right to offer proof in support of additional defenses and counter-claims as may be developed through investigation and discovery.

**TWENTY-SECOND DEFENSE**
22. Plaintiff failed to mitigate attorneys' fees resulting in excessive, unreasonable, and arbitrary fees.

## MISCELLANEOUS

1. Defendant reserves the right to amend their Answer and/or add Counterclaims and assert additional claims, defenses and/or add additional parties as discovery proceeds in this action and as such become known or applicable to the matter herein.

**WHEREFORE**, by reason of the foregoing, Defendant requests this Court adjudicate this matter and determine the responsibilities of Plaintiff, including but not limited to, judgment against Plaintiff as follows:

1. Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice;
2. For reasonable attorney's fees in an amount to be determined; and
3. For costs and other such relief, in law or equity, as this Court deems just and proper.

Respectfully,
**YMF Inc. : The Law Office of Yousef M. Faroniya**

**/s/ Yousef M. Faroniya**
Yousef M. Faroniya (0087262)
84 S. 4th St.

                                                                Columbus, Ohio 43215
                                                                O: (614) 360-1855
                                                                F: (614) 859-5016
                                                               yousef@YMFincorporated.com
                                                               *Attorney for Defendant*

## CERTIFICATE OF SERVICE

       A true and accurate copy of the foregoing was served via the electronic filing system, on this 3rd day of February, 2014, upon the following:

**Leon D. Bass**
**65 East State St, Ste 1000**
**Columbus, Ohio 43215**

                                                               **/s/ Yousef M. Faroniya**
                                                               Yousef M. Faroniya (0087262)