UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| TCYK, LLC<br><br>       Plaintiff<br><br>vs.<br><br>Beatriz Martinez, et al.<br><br>       Defendants | Judge: Marbley<br><br>Magistrate Judge: King<br><br>Case No. 2:13-cv-00536<br><br>**<u>JURY DEMAND ENDORSED HEREON</u>** |

## **<u>ANSWER OF DEFENDANT DICK GOLDSMITH</u>**

Defendant Dick Goldsmith ("this Defendant") answers the First Amended Complaint as follows:

1. This Defendant admits that Plaintiff has alleged violation of 17 U.S.C. § 101 et seq. and that Plaintiff seeks damages and injunctive relief.

2. The allegations in Paragraph 2 of the Amended Complaint call for legal conclusions, and this Defendant lacks sufficient knowledge to respond to such legal conclusions and therefore denies them.

3. This Defendant admits that he resides in this District. This Defendant lacks sufficient information to make any response regarding the whereabouts or activities of any of the other defendants. This Defendant denies that he copied or distributed any copyrighted works and denies the remaining allegations contained in Paragraph 3 of the Amended Complaint.

1

4. This Defendant hereby incorporates his responses stated above in response to Paragraph 4 of the Amended Complaint.

5. In response to paragraph 5 of the complaint, this Defendant denies that he copied and distributed any part of Plaintiff's Copyrighted work. This Defendant states that he is not familiar with the "BitTorrent Protocol" and denies the remaining allegations contained in Paragraph 5 of the Amended Complaint

6. The allegations in Paragraph 6 of the Amended Complaint are nothing more than unsupported legal and technological conclusions, and this Defendant lacks sufficient knowledge to respond to such legal and technological conclusions, and further he states he did not ever download any part of the copyrighted work or conspire with others to effect a download, and he therefore denies all the allegations in said Paragraph 6.

7. This Defendant hereby incorporates his responses stated above in response to Paragraph 7 of the Amended Complaint.

8. This Defendant denies the allegations contained in Paragraph 8 of the Amended Complaint.

9. This Defendant lacks information to admit or deny whether Plaintiff is a limited liability company and this Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the Amended Complaint.

10. This Defendant states that the allegations contained in Paragraph 10 of the Amended Complaint are nothing more than unsupported legal and technological conclusions, and this Defendant lacks sufficient knowledge to respond to such legal

and technological conclusions, and further he did not ever download any part of the copyrighted work or conspire with others to effect a download, and he therefore denies all the allegations in said Paragraph 10 of the Amended Complaint. Further this Defendant denies that joinder is proper under Civil Rule 20 (a) (2).

11. This Defendant hereby incorporates his responses stated above in response to Paragraph 11 of the Amended Complaint.

12. This Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint and therefore denies the same.

13. This Defendant denies paragraph 13 of Plaintiff's Amended Complaint.

14. This Defendant has not viewed the alleged Motion Picture and thus does not know whether it contains any sort of copyright notice, and denies the remaining allegations set forth in paragraph 14 of the Amended Complaint.

15. This Defendant denies the allegations contained in Paragraph 15 of the Amended Complaint.

16. This Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. This Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint.

18. In response to the allegations contained in Paragraph 18 of the Amended Complaint, this Defendant states that he did not commit the alleged copyright infringement and therefore he could not have possibly have done so in a willful, intentional, wanton

3

and/or malicious manner nor with the intent to injure Plaintiff and therefore this Defendant denies all such allegations.

19. The Defendant states that he does not know any of the other Defendants named herein and therefore lacks sufficient knowledge to respond as to their actions except he states that none of them acted in concert with him, and he did not commit the infringement, has never seen the alleged Motion Picture, and therefore had no knowledge of Plaintiff's alleged ownership of the copyrights and therefore he denies all allegations contained in Paragraph 19 of the Amended Complaint.

20. This Defendant denies the allegations contained in 20 of the Amended Complaint.

21. This Defendant denies the allegations contained in 21 of the Amended Complaint.

22. This Defendant denies the allegations contained in 22 of the Amended Complaint.

23. The allegations in Paragraph 23 of the Amended Complaint call for legal conclusions, and this Defendant lacks sufficient knowledge to respond to such legal conclusions and therefore denies them and demands strict proof thereof.

24. The allegations in Paragraph 24 of the Amended Complaint call for legal conclusions, and this Defendant lacks sufficient knowledge to respond to such legal conclusions and therefore denies them and demands strict proof thereof. Furthermore this Defendant states that Plaintiff's filing lacks substantial merit and was filed without adequate investigation and Plaintiff should be required to pay this Defendant's attorney's fees and costs pursuant to 17 U.S.C. § 505.

25. The allegations in Paragraph 25 of the Amended Complaint call for legal conclusions, and this Defendant lacks sufficient knowledge to respond to such legal conclusions and therefore denies them and demands strict proof thereof. Furthermore this

Defendant states that Plaintiff's filing lacks substantial merit and was filed without adequate investigation and Plaintiff should be required to pay this Defendant's attorney's fees and costs pursuant to 17 U.S.C. § 505.

26. All allegations not specifically addressed in this Answer are denied.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. This Defendant has unique defenses and is entitled to severance of the action and a separate trial.

3. Plaintiff's work lacks originality and are thus not protectable by copyright.

4. Plaintiff's copyrights are invalid and/or unenforceable.

5. Plaintiff's filing lacks substantial merit and was filed without adequate investigation and Plaintiffs should be required to pay this Defendant's attorney's fees and costs pursuant to 17 U.S.C. § 505.

6. Plaintiff's claims are technologically unprovable:

    (a). Mr. Goldsmith purchased internet services from Watch Communications ("Watch" or "Mr. Goldsmith's ISP"). Mr. Goldsmith's ISP provided him and other account holders with dynamic Internet Protocol ("IP") addresses using Dynamic Host Configuration Protocol (DHCP), a technology that assigns a new IP address to each ISP user each time a user accesses the internet by the ISP's service.

    (b). The aforementioned assignment of an IP address by Mr. Goldsmith's ISP does not indicate who accessed the internet or which computer was used to obtain access. Use of malicious computer software that takes unauthorized control of a ISP user's computer to access the internet via the subscriber's ISP account and other, similar unauthorized computer software are very common and a very serious problem. Mr. Goldsmith does not know how to use the alleged "BitTorrent" client or software and has not engaged in any acts of infringement described in the complaint.

7. Plaintiff's claims are barred by the doctrine of misuse of copyright.

5

8. Plaintiff's claims are barred under the doctrines of waiver and estoppel. Without admitting any infringement, this Defendant alleges that, Plaintiff failed to take available action to stop the promoters of "BitTorrent" and created a public impression that the continued availability of the copyrighted work on BitTorrent was condoned by Plaintiff, and any actions by anyone to download were induced by, and done in reliance on Plaintiff's conduct.

9. To the extent Plaintiff suffered any damages attributable to this Defendant, which this Defendant expressly denies; Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

10. The statutory damages sought by Plaintiff are unconstitutionally excessive as applied. Plaintiff seeks statutory damages of $150,000.00 when the DVD of the movie is currently listed on Walmart.com for $12.99 Pursuant to applicable law concerning the constitutionality of statutory damages, the Plaintiff's recovery, if any, must necessarily have a reasonable relationship to the Plaintiff's alleged actual damages caused by the alleged infringement. The Supreme Court has held, due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. See State Farm Mutual Automobile Insurance Co., v. Campbell, 528 U.S. 408, 123 S. Ct. 1513, 1524 (2003) At the maximum, Plaintiff's recovery, if any, must not exceed nine (9) times the amount of their actual damages to so comport with due process and constitutional propriety.

11. Damages caused to Plaintiff by the work being subjected to downloads of the type complained of, are de minimis or not calculable, because the work was not artistically or economically successful to begin with.

12. Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to this Defendant.

13. This Defendant did not intentionally or otherwise deprive or cause Plaintiffs to be deprived of any of their rights therefore Plaintiff's claim is barred by the doctrine of innocent intent.

14. While this Defendant denies the allegations of facts and conclusions of law alleged in Plaintiff's Complaint, this Defendant asserts, in the alternative, that any downloading would have been solely for private entertainment and not for commercial use and, accordingly, invokes the doctrine of fair use as an affirmative defense. Sony Corp. of America v. Universal City Studios, Inc. 464 U.S. 417 (1984).

15. Any damages suffered by Plaintiff are the result of intentional and/or unforeseeable conduct of one or more third-parties, by reason of which recovery is barred.

16. This Defendant specifically denies all allegations, if any, and conclusions of law, if any, to which he did not specifically reply in the Answer to Plaintiff's Complaint.

17. This Defendant reserves the right to plead additional defenses (or cross-claims or counter claims) that may be identified during investigation and/or course of discovery.

**WHEREFORE,** this Defendant prays that this Court find judgment against Plaintiff on its claims and for this Defendant on his defenses. This Defendant further prays that this Court hold that this Defendant is the prevailing party and award him relief including attorneys' fees and costs under Section 505 of the Copyright Act, 17 U.S.C. § 505, and for any other and

further relief as the Court finds just a proper.

              Respectfully submitted,

              */s/Michael J. O'Reilly*
              Michael J. O'Reilly
              O'REILLY LAW OFFICES
              30 Hill Road South
              Pickerington, Ohio 43147
              Phone: (614) 833-3777
              Fax: (866) 257-8939
              E-mail: michael@oreillylawyesr.com
              *Attorney for Defendant Dick Goldsmith*

### JURY DEMAND

This Defendant, hereby demands in accordance with the Federal Rules of Civil Procedure 38, a trial by jury on all issues so triable.

              */s/Michael J. O'Reilly*
              Michael J. O'Reilly

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via e-filing and U.S. Mail on this 12th day of February, 2014, on the following parties:

| | |
|---|---|
| Leon D. Bass | Yousef M. Faroniya |
| David J. Butler | YMF Inc., Law Office of Yousef M. Faroniya |
| Taft Stettinuius & Hollister LLP | 84 S. 4th Street |
| 65 East State Street, Suite 1000 | Columbus, OH 43215 |
| Columbus, Ohio 43215 | *Attorney for Defendant Beatrice Martinez* |
| *Attorney for Plaintiff* | |

              */s/Michael J. O'Reilly*
              Michael J. O'Reilly (0019892)